# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2013

No. 13-40294
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EUSTOLIO CANTU,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:12-CR-7-2

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Eustolio Cantu appeals from the final order of criminal forfeiture ordering the forfeiture of 288 acres in Brooks County, Texas, following his guilty plea to conspiracy to transport illegal aliens within the United States. *See* 8 U.S.C. § 1324(a)(1)(A)(ii), (iii), (v)(I), and (a)(1)(B)(i); 18 U.S.C. § 982(a)(6). To the extent that Cantu contends that there is no proof in the record that the property was subject to forfeiture pursuant to 21 U.S.C. § 853 and that neither the indictment nor the plea agreement provides for the forfeiture, the superseding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indictment contained a notice of forfeiture that specified § 982(a)(6) as the basis for the forfeiture—not § 853. Cantu's conclusory allegations of error, which lack citation to the record or appropriate legal authority, do not demonstrate that the district court's factual findings were clearly erroneous or that the district court erred in ordering the forfeiture. *See United States v. Juluke*, 426 F.3d 323, 326 (5th Cir. 2005); *see also United States v. Gasanova*, 332 F.3d 297, 300-01 (5th Cir. 2003); *cf. United States v. Ballard*, 779 F.2d 287, 295 (5th Cir. 1986) (determining that a party who offered only a bare listing of alleged errors without referencing supporting authorities or the record abandoned those claims on appeal).

Moreover, after a forfeiture hearing in which the government presented physical and testimonial evidence, the district court found that "the defendant . . . intended to use the property to facilitate the commission of the offense of which he has been found guilty." The district court's conclusion was founded upon evidence that over several months, Cantu was paid $100 per illegal alien for the use of the Brooks County Property which, as argued by the government in response to Cantu's appeal, "allowed the organization to circumvent the United States Border Patrol checkpoint, conceal the illegal aliens in an area covering hundreds of acres to avoid detection by law enforcement, and harbor the illegal aliens until drivers could pick them up for transport north of the checkpoint. The use of the Brooks County Property enabled the alien smuggling organization to conceal their . . . activities and obstruct and hinder law enforcement . . ." The district court's finding that the government established by a preponderance of the evidence that the Brooks County property was used to facilitate the crime of conspiracy to transport illegal aliens, was not clearly erroneous.

Accordingly, the district court's final order of forfeiture is AFFIRMED.